<u>PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────

No. 05-1379

─────

In re: AMERICAN PAD & PAPER COMPANY,
<u>Debtor</u>

STEVEN G. SINGER, Chapter 7 Trustee,
<u>Appellant</u>

v.

FRANKLIN BOXBOARD CO.
a/k/a Franklin Boxboard Company;
BENNINGTON PAPERBOARD COMPANY,
Divisions of the Newark Group Inc.

MARGARET HARRISON,
<u>Trustee</u>

(D.C. Civil No. 03-cv-01077)

─────

No. 05-1380

─────

In re: AMERICAN PAD & PAPER COMPANY,
<u>Debtor</u>

STEVEN G. SINGER, Chapter 7 Trustee,
<u>Appellant</u>

v.

KIMBERLY-CLARK CORPORATION
d/b/a/ Neenah Papers

MARGARET HARRISON,
<u>Trustee</u>

(D.C. Civil No. 04-cv-00238)

———

No. 05-1381

———

In re: AMERICAN PAD & PAPER COMPANY,
Debtor

STEVEN G. SINGER, Chapter 7 Trustee,
Appellant

v.

FRONTIER COMMUNICATIONS OF AMERICA INC.;
FRONTIER COMMUNICATIONS OF FAIRMONT INC.;
FRONTIER COMMUNICATIONS OF GEORGIA INC.,
d/b/a Frontier Communications Service

MARGARET HARRISON,
Trustee

(D.C. Civil No. 03-cv-01127)

———

No. 05-1382

———

In re: AMERICAN PAD & PAPER COMPANY,
Debtor

STEVEN G. SINGER, Chapter 7 Trustee,
Appellant

v.

STRATEGIC PAPER GROUP, LLC

MARGARET HARRISON,
Trustee

(D.C. Civil No. 03-cv-01130)

On Appeal from the United States District Court
for the District of Delaware
District Judge: Hon. Kent A. Jordan

Argued November 6, 2006

Before: SLOVITER, CHAGARES, and NYGAARD, <u>Circuit Judges</u>

(Filed:   March 2, 2007)

Adam Singer (Argued)
Cooch & Taylor
Wilmington, DE 19899-1680

   Attorney for Appellant Steven G. Singer

Jeffrey M. Schlerf
The Bayard Firm
Wilmington, DE 19899

Bruce Buechler
Lowenstein Sandler
Roseland, NJ 07068

   Attorneys for Appellees Franklin Boxboard Co. and
   Bennington Paperboard Co.

Katherine M. Perhach
Quarles & Brady
Milwaukee, WI 53202

   Attorney for Appellee Fox River Paper Co.

George M. Cheever
Kirkpatrick & Lockhart Preston Gates Ellis

Pittsburgh, PA l5222

 Attorney for Appellee W + D Machinery Co., Inc.

Joseph J. Bodnar
Monzack & Monaco
Wilmington, DE 19899

 Attorney for Appellees W + D Machinery Co., Inc., and
 Fibermark Inc.

John J. Schmidt
Dinsmore & Shohl
Cincinnati, OH 45202

Victoria W. Counihan
Dennis A. Meloro
Greenberg Traurig
Wilmington, DE 19801

 Attorneys for Appellee JBM Envelope Co., Inc.

Christopher P. Simon
Cross & Simon
Wilmington, DE 19801

 Attorney for Appellee Dwyer Associates, Inc.

Ashley B. Stitzer
The Bayard Firm
Wilmington, DE 19899

 Attorney for Appellees Beautone Specialties and Crown
 Roll Leaf Inc.

E. Franklin Childress, Jr.
Baker, Donelson, Bearman, & Caldwell
Memphis, TN 38103

Stephanie A. Fox
Maron, Marvel, Bradley & Anderson

Wilmington, DE 19801

>Attorneys for Appellees Champion International Corp., Nationwide Papers, International Paper Co., d/b/a Beckett Papers, d/b/a XPEDX, d/b/a Strathmore Paper Co., d/b/a Queen City Paper Co.

David M. Fournier
Pepper Hamilton
Wilmington, DE 19899-1709

Michael H. Traison
Donald J. Hutchinson    (Argued)
Miller, Canfield, Paddock & Stone
Detroit, MI 48226

>Attorneys for Appellees Georgia Pacific Corp, Great Northern Nekoosa Corp., Unisource Worldwide, Fort James Corp., d/b/a Fort James Communications Papers

Kathleen M. Miller
Smith, Katzenstein & Furlow
Wilmington, DE 19899

>Attorney for Appellee Kimberly Clark Corp.

Lisa C. McLaughlin
Phillips, Goldman & Spence
Wilmington, DE 19806

>Attorney for Appellees Frontier Communications, Frontier Communications of America, Inc., Frontier Communications GA, Inc., and Strategic Paper Group

Gilbert L. Hamberg
Yardley, PA l9067

>Attorney for Appellees Frontier Communications, Frontier Communications of America, Inc., and Frontier Communications GA, Inc.

David N. Crapo
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
Newark, NJ 07102-5497

    Attorney for Appellee Strategic Paper Group

                OPINION OF THE COURT

SLOVITER, <u>Circuit Judge</u>.

    Section 546(a) of the Bankruptcy Code sets a two-year limit for the commencement of avoidance actions on behalf of the bankruptcy estate to recover money or property transfers. This provision was amended in 1994 to provide an additional year for such actions running from the date of the appointment or election of certain trustees, if such appointment or election occurs before the expiration of the aforementioned two-year period.

    Appellant Steven G. Singer, the elected Chapter 7 Trustee for the debtors in this proceeding, filed numerous actions to avoid certain preferences that were made by the debtor. Those actions were dismissed as untimely by the Bankruptcy Court and affirmed by the District Court. He appeals, asking us to interpret the statutory language regarding the statute of limitations so as to make timely the avoidance actions he filed. As discussed below, the language of the statute will not bear such an interpretation.

**I.**

    On January 10, 2000, a number of creditors filed involuntary Chapter 11 petitions in the Bankruptcy Court for the District of Delaware against American Pad & Paper Company and six related companies (the "debtors"), which had been in the business of manufacturing and marketing a variety of paper and stationery products. On January 14, 2000, each debtor filed a voluntary Chapter 11 petition, as well as a request that the Bankruptcy Court enter an order for relief upon the debtors' joint consent. That same day, the Bankruptcy Court entered the order for relief, as well as an order directing the joint administration of the cases. Almost two years later, on December 21, 2001, the

Bankruptcy Court entered an order granting a motion made by the creditors' committee to convert the cases to Chapter 7. By the terms of the order, the conversion to Chapter 7 was to be effective on January 3, 2002.

Also on January 3, 2002, the United States Trustee appointed Jeoffrey Burtch as interim Chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. That section provides:

> Interim trustee
>
> (a)     (1) Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 or that is serving as trustee in the case immediately before the order for relief under this chapter to serve as interim trustee in the case.
>
>         (2) If none of the members of such panel is willing to serve as interim trustee in the case, then the United States trustee may serve as interim trustee in the case.
>
> (b) <u>The service of an interim trustee under this section terminates when a trustee elected or designated under section 702 of this title to serve as trustee in the case qualifies under section 322 of this title.</u>
>
> (c) An interim trustee serving under this section is a trustee in a case under this title.

11 U.S.C. § 701 (emphasis added).[1]

It is significant for the issue before us that the date of the

---

[1] Section 322, referenced in section 701, requires that a person post bond in order to qualify as a trustee, "conditioned on the faithful performance of . . . official duties." Such bond must be filed within five days after the trustee's selection and before the trustee begins his or her official duties.

appointment of Burtch as the Chapter 7 trustee under section 701, January 14, 2002, was a mere eleven days prior to the two-year anniversary of the entry of the order for relief. A notice dated January 15, 2002 scheduled the meeting of creditors pursuant to section 341 of the Code for February 13, 2002. See 11 U.S.C. § 341 ("Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors."); 3 Collier on Bankruptcy ¶ 341.01 (15th ed. rev. 2006) ("The chief function of the meeting of creditors is to provide the machinery for creditors to elect a trustee, examine the debtor and be heard generally in an advisory capacity on questions concerning the administration of the estate."). It is also evident that the creditors' meeting was scheduled for a date more than two years after the entry of the order for relief.

At the meeting, certain creditors requested the election of a trustee pursuant to section 702 of the Code,[2] and a new individual, Steven Singer, the appellant in the instant case, was so elected on that date, more than two years after the entry of the order for relief.

It appears that trustees are infrequently elected under section 702, "primarily because of the substantial creditor effort needed to meet the statutory requirements for an election. [In cases where] no election takes place, the interim trustee [will] continue[ ] to serve as the trustee for the Chapter 7 case [pursuant to section 702(d)]." George M. Treister et al., Fundamentals of Bankruptcy Law § 2.03(a)(3) (2d ed. 1988); 5 Collier on Bankruptcy ¶ 546.02 (2)(a)(i) ("Since trustee elections under section 702 are rare, the date of the section 341 meeting usually will be the date of appointment of the trustee for

---

[2]Section 702(b) provides that "[a]t the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section." 11 U.S.C. § 702.

purposes of section 546(a)(1)(B)."). Thus, had Singer not been elected the section 702 trustee at the section 341 meeting, interim trustee Burtch would have continued to serve as trustee by operation of section 702(d) of the Code, which provides that "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." See also 5 Collier on Bankruptcy ¶ 546.02 (2)(a) ("The interim trustee, who is appointed promptly [by the U.S. Trustee] after entry of the order for relief under section 701, automatically becomes the permanent trustee at the meeting of creditors pursuant to section 341 if creditors do not elect a trustee under section 702."). We note that notwithstanding the language in the excerpt from Collier, the term "permanent trustee" does not appear in the relevant sections of the Bankruptcy Code.

Between August and December 2002,[3] trustee Singer filed approximately 150 avoidance actions under section 547 of the Code, which exists to prevent "debtors from depleting the estate to pay favored creditors with assets that otherwise would have been apportioned among creditors according to the prioritization scheme of the Bankruptcy Code." In re Pillowtex, Inc., 304 F.3d 246, 252 (3d Cir. 2002). A number of defendants in the adversary actions moved the Bankruptcy Court to dismiss on the ground that they were filed beyond the applicable two-year statute of limitations. The Bankruptcy Court granted the motions to dismiss on October 28, 2003 and March 15, 2004. Singer v. Franklin Boxboard Co. (In re American Pad & Paper Co.), 303 B.R. 27 (Bankr. D. Del. 2003); Singer v. Kimberly-Clark Corp. (In re American Pad & Paper Co.), 307 B.R. 459 (Bankr. D. Del. 2004). The District Court affirmed on January 10, 2005 in Singer v. Franklin Boxboard Co. (In re American Pad & Paper), 319 B.R. 791 (D. Del. 2005), and thereafter in three additional orders in January 2005, each pertaining to a related case and affirming the Bankruptcy Court orders for same reasons set forth in the January 10, 2005 opinion and order.

---

[3] Appellant's Brief gives September 8, 2002 as the inception date for these actions, but the docket sheet provided in the Appendix lists August 8, 2002 as the date that the first action was filed. The difference is immaterial to the issue before us.

Singer filed timely Notices of Appeal of these four orders. This court consolidated the appeals by order entered February 8, 2005.

## II.

The District Court had jurisdiction under 28 U.S.C. § 158(a) to hear appeals from the Bankruptcy Court's orders. We have jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291 to hear this consolidated appeal from the District Court's final orders affirming the Bankruptcy Court's judgment. "Exercising the same standard of review as the [D]istrict [C]ourt, we review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc., v. State of N.J. Dept. of Labor (In re United Healthcare Sys., Inc.), 396 F.3d 247, 249 (3d Cir. 2005) (internal quotation marks and citations omitted). The parties agree that the matter before us concerns an issue of law. Moreover, it is an issue of first impression for this court.

## III.

As revised by Congress in 1994, the statute of limitations on avoiding powers appears at 11 U.S.C. § 546(a), and reads in relevant part as follows:

Limitations on avoiding powers

(a) An action or proceeding under section . . . 547 . . . of this title may not be commenced after . . .

(1) the later of –

(A) 2 years after the entry of the order for relief; or
(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A)[.]

The application of the above limitations period to our facts is straightforward. Here, the order for relief was entered on January 14, 2000. Thus, the initial two-year period expired on January 14, 2002, before Singer filed the avoidance actions at issue here. See, e.g., S. Technical Coll. v. Arkansas Television Co. (In re S. Technical Coll., Inc.), 172 B.R. 253, 254 (Bankr. E.D. Ark. 1994) (reading the time computation provision in Rule 9006(a) of the Federal Rules of Bankruptcy Procedure as making timely a filing made on two-year anniversary date).

Singer did not bring the first of his actions until August of 2002, almost seven months past the two-year statutory period. As we noted earlier, Singer's election as trustee under section 702 did not take place until February 13, 2002, approximately a month after "the expiration of the period specified in subparagraph (A)," i.e., the expiration of the initial two-year period. See 11 U.S.C. § 546(a)(1)(B). Thus, from a plain reading of the statute of limitations, and as the Bankruptcy and District Courts held, Singer's avoidance actions are time-barred. "When [a] statute's language is plain, the sole function for the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." Robert Wood Johnson Univ. Hosp. v. Thompson, 297 F.3d 273, 284 (3d Cir. 2002) (internal quotation marks and citations omitted); In re First Merchs. Acceptance Corp. v. J.C. Bradford & Co., 198 F.3d 394, 403 (3d Cir. 1999) (only absurd results and the most extraordinary showing of contrary intentions justify a limitation on the plain meaning of the statutory language); see also 5 Collier on Bankruptcy ¶ 546.02[2] ("If a trustee is appointed or elected within two years of the entry of the order for relief, the trustee is afforded one additional year from its appointment or election to commence avoidance actions. If a trustee is not appointed or elected prior to the expiration of the initial two-year period, commencement of avoidance actions is time-barred, <u>even if a trustee is subsequently appointed or elected in the case</u>.") (emphasis added).

## IV.

Despite the fact that the statute of limitations plainly bars appellant's avoidance actions, appellant draws the court's

attention to the date the interim trustee, Burtch, was appointed: January 3, 2002. Essentially, appellant argues that, because the <u>interim</u> trustee <u>under section 701</u> was appointed on January 3, 2002, prior to the expiration of the initial two-year period, appellant as "permanent trustee" should have received an additional one-year period to file the avoidance actions, running from January 3, 2002. Yet, the plain language of the statute of limitations does not include section 701 interim trustees, and makes reference only to "1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302[.]" The omission of section 701 from the list of sections is evident.

Reading the appointment of an interim trustee under section 701 as an event that triggers the additional one-year period has no basis in the language of the statute. See <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.</u>, 530 U.S. 1, 6-7 (2000) (noting the general inappropriateness, as a matter of statutory construction, of assuming that a catalogue of empowered parties in a statute is nevertheless a nonexclusive list, as where "a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act") (internal quotation marks and citation omitted); <u>United States v. Landmesser</u>, 378 F.3d 308, 313 n.8 (3d Cir. 2004) ("The canon of <u>expressio unius est exclusio alterius</u> means that explicit mention of one thing in a statute implies a congressional intent to exclude similar things that were not specifically mentioned.") (internal quotation marks and citation omitted); <u>see also</u> <u>Turner v. J.P. Bolduc et al.</u> (<u>In re Crowe Rope Indus., LLC</u>), 311 B.R. 313, 314 (Bankr. D. Me. 2004) (concluding there is no need to "invent[] a reference to § 701" in section 546(a)(1)(B), and rejecting argument that the one-year period ran from the date of the appointment of the interim trustee under section 701, instead of from the date of the section 341 meeting at which the interim trustee is appointed the trustee by operation of law pursuant to 702(d) if no trustee is elected); <u>Styler v. Conoco, Inc.</u> (<u>In re Peterson Distrib., Inc.</u>), 176 B.R. 584, 591 (Bankr. D. Utah 1995) ("The Bankruptcy Reform Act of 1994 also clarifies that the limitations period does not run from the appointment of an interim trustee. There is no added reference to § 701.").

In support of his argument based upon the date of Burtch's section 701 appointment, appellant calls our attention to a subsequently-overruled bankruptcy court decision that held that the additional one-year period under section 546(a)(1)(B) began to run upon the appointment of the interim trustee under section 701. Burtch v. Georgia-Pacific Corp. (In re Allied Digital Techs. Corp.), 300 B.R. 616 (Bankr. D. Del. 2003), rev'd, 341 B.R. 171 (D. Del. 2006); see also Claybrook v. Ponderosa Indus. de Mexico (In re U.S. Wood Prods., Inc.), 2004 WL 1877730, at *24 (Bankr. D. Del. Aug. 20, 2004) (concluding, in a case where, unlike the instant case, no trustee was elected that "[s]ince the Trustee was appointed within the two years of the order for relief and became the permanent trustee under section 702(d) when no trustee was elected, he is entitled to the one-year extension of time to file avoidance actions granted by section 546(a)(1)(B)" running from the date of his appointment as interim trustee).

In Allied Digital, the bankruptcy court entered the order for relief on October 25, 2000, and the first interim trustee was appointed on July 10, 2002, with a successor interim trustee appointed July 25, 2002. 300 B.R. at 618, 619. The section 341 meeting of creditors did not take place, however, until March 5, 2003, more than four months after the expiration of the initial two-year period. Id. at 617. Despite the expiration of the two-year period, the bankruptcy court held that avoidance actions brought by the successor interim trustee on June 6, 2003 were timely, and that a one-year window running from July 10, 2002 existed in which the interim trustee could bring avoidance actions. Id. at 618. The bankruptcy court concluded that it should read "section 701" into 546(a)(1)(B), as "there is no practical difference between the powers of an interim trustee and those of the permanent trustee." Id. at 619. It relied on the Ninth Circuit decision in Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.), 199 F.3d 1029 (9th Cir. 1999), that interpreted the pre-1994 version of the statute of limitations to conclude that the two-year period begins to run upon the appointment of the interim trustee under section 701. In Avalanche Maritime, the Ninth Circuit, noting the difficulty of parsing "this unclear statute," recognized that there was no reference to section 701 in the pre-1994 version of the statute,

13

but it read section 701 into the list of authorizing statutes in order to give effect to the references to "appointment" in the statute and to reconcile its decision with earlier holdings in that circuit regarding the pre-1994 version of the statute. Id. at 1033-34.

Yet, as the district court in Allied Digital pointed out in reversing the holding of the bankruptcy court, the similarities in function between section 701 and section 702 trustees do not warrant interposing "section 701" where it does not appear in the statute. Allied Digital, 341 B.R. at 174 (holding that it was error for the bankruptcy court to have presumed that Congress intended to grant an additional one year to an interim trustee, and to have read "section 701" into 546(a)(1)(B), because a court must "begin with the text of [the] provision and, if its meaning is clear, end there") (internal quotation marks and citation omitted). Moreover, even the Allied Digital bankruptcy court noted that it was not passing on "whether a new one year period is barred if the election occurs outside the initial two years but an interim trustee was appointed within the two years." Allied Digital, 300 B.R. 618 n.2.[4] That, of course, is the issue in the matter before us.

Surely, a conclusion that appellant's avoidance actions are timely, even though his "election" under section 702 plainly occurred after "expiration of the [two-year] period specified in subparagraph A," presents even greater direct conflict with the statutory language than the events at issue in Allied Digital.

As the Supreme Court stated in Bread Political Action

---

[4]Appellant relies on the aforementioned Claybrook v. Ponderosa Indus. de Mexico (In re U.S. Wood Prods., Inc.), 2004 WL 1877730, as well as Bergquist v. Vista Dev., Inc. (In re Quality Pontiac Buick GMC Truck, Inc.), 222 B.R. 865 (Bankr. D. Minn. 1998) and Burbach v. Providian Nat'l Bank (In re Burbach), 2001 WL 1891378 (Bankr. D.N.D. Oct. 5, 2001), but those cases proceed on reasoning similar to that used by the bankruptcy court in Allied Digital which was convincingly reversed by the district court.

Comm. v. FEC, 455 U.S. 577, 580 (1982), "[o]ur analysis of this issue of statutory construction 'must begin with the language of the statute itself[.]'" (quoting Dawson Chem. Co. v. Rohm & Haas Co., 488 U.S. 176, 187 (1980)).  Where statutory language is clear, "and admits of no more than one meaning the duty of interpretation does not arise and the rules which are to aid doubtful meanings need no discussion."  Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)); Lancashire Coal Co. v. Sec'y of Labor, Mine Safety and Health Admin. (MSHA), 968 F.2d 388, 391 (3d Cir. 1992)  ("[W]hen the statutory language is clear a court need ordinarily look no further[.]").  The Supreme Court has stated that "Congress says in a statute what it means and means in a statute what it says there."  Hartford Underwriters Ins. Co., 530 U.S. at 6 (internal quotation marks and citation omitted).

      Even if we were to assume arguendo that the statutory language here contained some ambiguity that required a look outside the text, which was the case with the pre-1994 statute,[5] the context of the 1994 amendment makes clear that Congress amended the statute in part to clarify the limitations period.  Previously, courts had differed on when the period began to run in light of the ambiguous statutory language.  Compare, e.g., Maurice Sporting Goods, Inc v. Maxway Corp. (In re Maxway Corp.), 27 F.3d 980, 982, 983 (4th Cir. 1994) (finding that the unamended version of the statute required that an avoidance action be commenced "within two years after the appointment of one of the specified trustees or prior to the close or dismissal of the case, whichever occurs earlier," and rejecting contention that

---

[5]The 1993 version of the statute read, in applicable part:

§ 546. Limitations on avoiding powers

    (a) An action or proceeding under section . . . 547 . . . of this title may not be commenced after the earlier of--
        (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
        (2) the time the case is closed or dismissed.

"two-year statute of limitations in § 546(a)(1) begins to run against a debtor in possession upon the filing of a Chapter 11 bankruptcy petition") with Constr. Mgmt. Servs., Inc. v. Mfrs Hanover Trust Co. (In re Coastal Group Inc.), 13 F.3d 81 (3d Cir. 1994) (concluding that the debtor in possession was subject to same limitations that apply to bankruptcy trustee, including two-year statute of limitations, which begins to run from date of Chapter 11 petition filing).

Confusion had also arisen over whether subsequent appointment of new trustees granted the new appointees a fresh two-year period in which to bring actions.  See, e.g., Lindquist v. FMB-First Michigan Bank (In re Dryland Marina, Inc.), 180 B.R. 487, 488 (Bankr. W.D. Mich. 1995) ("The parties dispute the meaning of the phrase 'appointment of a trustee' under this section of the Code.  Plaintiff claims that the phrase means every trustee, while defendant asserts that it only means the first trustee."); see also 5 Collier on Bankruptcy ¶ 546.LH.[1][a] ("This [1994] amendment was intended to resolve conflicting interpretations of former section 546(a)(1) related to the applicability of its two-year limitations period to debtors in possession, trustees appointed after a debtor was in possession, and successor trustees.").

The 1994 amendment not only added the provision for a one-year addition in certain limited circumstances but it also clarified the operative two-year period as running from the date of entry of the order for relief, with the additional one-year period as specified in the statute.  In a floor statement following the passage of the Act in the Senate, Senator Orrin G. Hatch noted his understanding that the two-year period runs from the filing of a Chapter 11 petition.  He stated that "this amendment has arisen from a perceived need to provide a period of time for a later appointed bankruptcy estate representative to investigate and institute actions." 140 Cong. Rec. S28355, 28359 (Oct. 6, 1994).  He continued, "[t]his amendment should prevent prejudice against potential [defendants] that would result from having to defend stale actions and should encourage estate representative[s] to investigate and resolve actions earlier in a bankruptcy case, thus minimizing estate expenses and maximizing the value of the estate to all creditors."  Id.

Notwithstanding the amendment and the renewed focus on the statute of limitations and section 546 that it engendered, section 701 remained unenumerated in section 546. Where Congress has wished to include interim trustees appointed under section 701 in a provision in the Code, it has explicitly done so. See 11 U.S.C. § 507(a)(1)(C) (introduced by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to provide that, where a "trustee is appointed or elected under section 701, 702, 703, 1104, 1202, or 1302," the administrative expenses of the trustee shall be paid before payment of claims that benefit domestic support claims "under subparagraphs (A) and (B), to the extent that the trustee administers assets that are otherwise available for the payment of such claims") (emphasis added); see also In re Parmetex, Inc., 199 F.3d at 1037 n.5 (McKeown, J., dissenting in part) (noting that "when Congress amended § 546(a) in 1994, it added the phrase 'or election of the first trustee' after the term 'appointment,' and maintained the express reference to § 702, while declining to add a reference to the interim trustee under § 701. These amendments indicate that Congress intended that the statute of limitations begin running upon designation of the § 702 trustee.") (internal citation omitted).

Finally, appellant has raised an argument that he frames as both an assertion that the statute as written produces absurd results and as a problem of due process. He asserts that the statute of limitations provides no notice as to when avoidance actions must be commenced, nor a reasonable period of time in which to bring such actions.[6] Of course, the plain language of

---

[6]In support of his argument that a statute of limitations is only constitutional if it gives a party a "reasonable time to commence the actions before the bar takes effect," Br. at 17, appellant appears to quote from a line of case law that addresses the constitutionality of newly-created limitation periods as applied against existing claims. See, e.g., Block v. North Dakota ex rel. Board of Univ. & Sch. Lands, 461 U.S. 273, 286 n.23 (1983) (quoting Texaco, Inc. v. Short, 454 U.S. 516, 527 n.21 (1982) (internal quotation marks and citations omitted)); Ross v. Artuz, 150 F.3d 97, 100 (2d Cir. 1998) ("Because the Constitution

the statute provides the required notice as to which events will trigger the additional year period. Indeed, the committee of unsecured creditors noted as much in its November 21, 2001 motion papers arguing for a conversion of the case to Chapter 7.[7] The statute puts all parties in interest on notice that the time for filing of avoidance actions will expire in two years, with the possibility of an additional one year if a trustee is appointed or elected under sections 702, 1104, 1163, 1202, or 1302 before the two years expire. See Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 215-16 (3d Cir. 2002) ("Statutes of limitations are primarily designed to assure fairness to defendants. . . . The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") (internal quotation marks and citations omitted).

---

prohibits governments from depriving any person of life, liberty, or property, without due process of law ; all statutes of limitation must proceed on the idea that the party has full opportunity afforded him to try his right in the courts[.]  It is thus impermissible for a newly enacted or shortened statute of limitations to extinguish existing claims immediately upon the statute's enactment.") (internal citation omitted).  Such an issue is of course not before us here.

[7]Its motion stated: "The only assets remaining in the Debtors' estates that are not encumbered by the security interests and liens of the Debtors's secured lenders are certain potential avoidance actions and other litigation recoveries. Section 546(a) of the Bankruptcy Code limits the period in which such avoidance actions may be commenced to two years after the entry of the order for relief.  If a trustee is appointed or elected under section 702 before the expiration of the two-year limitations period, section 546(a) extends such period by one year.

The Committee believes that it is in the best interest of all creditors for the Debtors' cases to be converted to Chapter 7 . . . to exploit the extension afforded by section 546(a)." App. at 347 (emphasis added).

We do not gainsay that appellant had no time to investigate and prosecute any avoidance actions. However, other parties in interest could arguably have brought avoidance actions before the running of the two-year period from the entry of the order of relief. See Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 580 (3d Cir. 2003) (en banc) (in Chapter 11, bankruptcy court may grant derivative standing to a creditor or creditors' committee to pursue avoidance claims); 5 Collier on Bankruptcy ¶ 547.11[2][c][i] ("In its capacity as a debtor in possession, a chapter 11 debtor may seek to avoid and recover preferential transfers."); see also Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 169 (3d Cir. 2002) (causes of action are property of the estate).

The fact that appellant's claims, as the section 702 trustee, were already time-barred at the moment of his election in February 2002 does not make the application of the statute as written absurd. "[W]e do not sit to assess the relative merits of different approaches to various bankruptcy problems. It suffices that the natural reading of the text produces the result we announce. Achieving a better policy outcome – if what [appellant] urges is that – is a task for Congress, not the courts." Hartford Underwriters Ins. Co., 530 U.S. at 13-14.

## V.

In conclusion, we hold that section 546(a)(1)(B) of the Bankruptcy Code is amenable to a "plain language" analysis, and we decline to read section 701 into the specific statutory provisions delineated therein. Accordingly, we will affirm the District Court's orders.

_____